WOLFF, Respondent, v. FARMERS STATE BANK et al., Appellants

(55 N. W.2d 69)

(File No. 9287. Opinion filed October 13, 1952)

**Blaine Simons,** Sioux Falls, for Plaintiff and Respondent.

**Bogue & Masten,** Canton, for Defendants and Appellants.

SICKEL, P. J. Plaintiff is the owner of a farm in Lincoln county and Howard L. Ness was the tenant in possession under a cropper's lease. By the terms of the lease the tenant's share of the crop was three-fifths and the owner's share was two-fifths. The Farmers State Bank, defendant, held a mortgage on the tenant's share of the crop. The tenant divided the corn in the field by the row and when the corn was picked by the tenant the shares were placed in separate cribs. The owner and the tenant entered into an agreement to the effect that the owner was to receive 600 bushels as her share of the crop which amount was actually 100 bushels more than her share under the lease. The 100 bushels of corn were delivered by the tenant to the elevator for the owner. Action was started to foreclose the bank's mortgage and levy was made upon this 100 bushels of corn by the sheriff. It was sold, and the proceeds of the sale were paid to the bank and applied on the mortgage. Then palintiff brought this action to recover the money. The jury returned a verdict for the bank and plaintiff moved for judgment notwithstanding the verdict, which motion was granted and judgment was entered for plaintiff. Defendants appealed.

Appellants contend that this disputed corn was a part of the tenant's interest in the crop upon which the bank held a valid mortgage.

Respondent contends that the mortgage was not a lien upon the tenant's share of the crop until a division was made between owner and tenant; that upon division of the crop the 100 bushels became the property of the owner by agreement between owner and tenant, free from the lien of the bank's mortgage.

In the case of National Bank of Wheaton v. Elkins, 37 S. D. 479, 159 N.W. 60, 62, 63, this court said in regard to a similar lease: "While at all times after the crop came into existence, the mortgage attached to the equitable interest of the tenant, it seems to us that, the instant settlement was had and division of the crops was made, the tenant's interest became a legal interest, as well as an equitable interest, and the lien of plaintiff's mortgage then attached to the legal

interest, regardless of who was then in the actual possession of the crops, * * *.

"The title and possession reserved by the lease may be said to be a kind of theoretical title and possession for the protection of the landloard, but not for the purpose of enabling him to violate the rights of the tenant, or the rights of creditors of the tenant."

In this case the owner and the tenant attempted by agreement to deprive the bank of 100 bushels of corn upon which its mortgage was a valid lien and upon which the owner had no claim under the lease. "The rights of a mortgagee cannot thus be dissipated into thin air by the acts of the landlord or tenant." National Bank of Wheaton v. Elkins, supra.

The judgment notwithstanding the verdict is therefore reversed and the case is remanded to the circuit court with directions to enter judgment for defendants upon the verdict of the jury.

ROBERTS and SMITH and LEEDOM, JJ., concur.

RUDOLPH, J., took no part in the decision.